Plan can be terminated by the Trustees at any time, but the Trustees have failed to do so, and continue to fail to do so; and

      c. pursuant to Rule 12b-1 and the express terms of the Rule 12b-1 Agreement, the Agreement with Distributors can be terminated by the Trustees at any time, without penalty, on 60 days notice to Distributors, but the Trustees have failed to do so, and continue to fail to do so.

      71. Under these circumstances, each of the Trustees is deemed "interested" in the transactions and conduct at issue, because each of the Trustees ". . . is a party to the transactions and conduct." 1. ALI Principal of Corporate Government: Analysis and Recommendations Section 1.23(a)(1) (1994) as cited in *Harhen v. Brown*, 431 Mass. 838, 843 (2000).

      72. There being no disinterested trustees with respect to this matter, demand on the Trustees would be futile.

      73. That demand would be futile under these circumstances is reinforced by the following conclusion in *Daily Income Fund, Inc.*, 464 U.S. at 546 (Stevens, J., concurring):

> . . . a demand requirement would serve no meaningful purpose . . . the contract between the fund and its investment advisor had been expressly approved by the independent directors of the fund. Since the disinterested directors are required to review and approve all advisory fee contracts under §15 of the Act. . . a demand would be a futile gesture after directors have already passed on the contract. . . .

      74. The Plaintiff has also not made demand on all of the shareholders of the Fund. There are tens of thousands of shareholders of the Fund. Under such circumstances, where there are a very large number of shareholders, demand on the shareholders is not required.

18

See, *Harhen v. Brown*, 431 Mass. 838, 849 (2000).

## COUNT I

### Against the Defendant Distributors Under Sec. 36(b) of the Investment Company Act

75. Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

76. Distributors is liable to the Fund for breach of its fiduciary duty to the Fund and its shareholders and for violation of Sec. 36(b) of the Investment Company Act.

77. The Fund has been damaged by Distributors' breach of its fiduciary duty to the Fund and its shareholders and by its violation of Sec. 36(b) of the Investment Company Act.

78. Pursuant to Sec. 36(b) of the Investment Company Act, Distributors are liable to the Fund for the amount of Distribution Fees paid to Distributors by the Fund during the period beginning one year prior to the filing of this complaint.

## COUNT II

### Against The Defendant Distributors for Breach of Its Fiduciary Duty to the Fund and Its Shareholders Under Massachusetts Law

79. Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

80. The Defendant Distributors is liable to the Fund for breach of its fiduciary duty to the Fund and its shareholders under Massachusetts law.

81. The Fund has been damaged by Distributors' breach of its fiduciary duties to the Fund and its shareholders under Massachusetts law, by the amount which Defendant

19

Distributors received from and will receive from the Fund as Distribution Fees during the Closed to New Investors Period.

## COUNT III

### Against The Trustee Defendants for Breach of Their Fiduciary Duty to the Fund and Its Shareholders Under Massachusetts Law

82. Plaintiff repeats and realleges all of the preceding paragraphs in this Complaint.

83. The Trustee Defendants are liable to the Fund for breach of their fiduciary duty to the Fund and its shareholders under Massachusetts law.

84. The Fund has been damaged by the Trustee Defendants' breach of their fiduciary duties to the Fund and its shareholders under Massachusetts law, by the amount which Distributors received from and will receive from the Fund as Distribution Fees during the Closed to New Investors Period.

WHEREFORE: Plaintiff prays this Honorable Court to:

A. Find the Defendant Distributors liable for breach of its fiduciary duty to the Fund and its shareholders and for violation of Sec. 36(b) of the Investment Company Act;

B. Find the Trustee Defendants and Defendant Distributors liable for breach of their fiduciary duties to the Fund and its shareholders under Massachusetts law;

C. Declare that the Distribution Fees that have been charged and continue to be charged by Distributors during the Closed to New Investors Period are

excessive;

D. Issue a permanent injunction enjoining Distributors from continuing to charge or receive from the Fund the Distribution Fees which this Court finds to be excessive;

E. Issue a permanent injunction ordering the Trustee Defendants to terminate the Plan and Agreement and to cause the Fund to cease paying Distributors the excessive Distribution Fees.

F. Determine and award to the Fund from Distributors the amount of excessive Distribution Fees that Distributors has received from the Fund during the period beginning one year prior to the filing of this complaint;

G. Determine and award to the Fund from Distributors and the Defendant Trustees the amount of excessive Distribution Fees that Distributors have received from the Fund during the Closed to New Investors Period.

H. Award the Plaintiff his reasonable attorneys fees and costs; and

I. Grant any other further relief which this Court finds just and proper.

Dated: June 3, 2004

Submitted by the attorneys for the Plaintiff,

Edward F. Haber BBO No. 215620
Theodore M. Hess-Mahan BBO No. 557109
Shapiro Haber & Urmy LLP
Exchange Street
53 State Street
Boston, MA 02109
(617) 439-3939

21

**OF COUNSEL:**

Robert C. Schubert, Esq. (BBO No. 362242)
Juden Justice Reed, Esq.
Schubert & Reed LLP
Two Embarcadero Center, Suite 1600
San Francisco, CA 94111
(415) 788-4220

22

## DECLARATION

Now comes Eric R. Bahe, Custodian, CGM Roth Conversion IRA, and he hereby deposes and says:

1. I am the Plaintiff in the action entitled *Eric R. Bahe, Custodian, CGM Roth Conversion IRA v. Franklin/Templeton Distributors, Inc. et al.*, derivatively on behalf of *Franklin Balance Sheet Investment Fund*.

2. I have reviewed the Derivative Complaint in the action. The allegations in paragraph six of the Derivative Complaint are true and accurate to the best of my knowledge and belief.

Signed and sworn to this 13TH day of May, 2004, under the pains and penalties of perjury under the laws of the United States.

Eric R. Bahe, Custodian, CGM
Roth Conversion IRA

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I.(a) PLAINTIFFS
ERIC BAHE, Custodian, CGM Roth Conversion, IRA

### DEFENDANTS
FRANKLIN/TEMPLETON DISTRIBUTORS, INC., FRANK T. CROHN, BURTON J. GREENWALD, CHARLES RUBENS II, LEONARD RUBIN, and WILLIAM J. LIPPMAN

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS
2004 JUN -3 P 3:06

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  STATE OF ILLINOIS
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
EDWARD F. HABER
SHAPIRO HABER & URMY LLP
53 STATE STREET, 37TH FL.
BOSTON, MA 02109 (617) 439-3939

ATTORNEYS (IF KNOWN)

04-11195 PBS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
ACTION TO RECOVER EXCESSIVE DISTRIBUTION FEES PURSUANT TO SEC. 36(b) OF THE INVESTMENT COMPANY ACT OF 1940 (15 U.S.C. SEC. 80a-35(b)) AND MASSACHUSETTS COMMON LAW.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE TAURO
DOCKET NUMBER 03-CV-12198-JLT

DATE 6/3/04
SIGNATURE OF ATTORNEY OF RECORD /s/ Edward F. Haber

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Eric R. Bahe, Custodian, CGM Roth IRA v. Franklin Templeton Distrbutors, Inc., et. als

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **04-11195 PBS**

   FILED IN CLERK'S OFFICE
   2004 JUN -3 P 3:01
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   In re ING Principal Protection Funds Derivative Litigation, No. 03-CV-12198-JLT

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Edward F. Haber, Shapiro Haber & Urmy LLP
ADDRESS  Exchange Place, 53 State Street, Boston, MA 02109
TELEPHONE NO.  671-439-3939

(Coversheetlocal.wpd - 10/17/02)