UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC R. BAHE,<br><br>    Plaintiff,<br><br>VS.<br><br>FRANKLIN/TEMPLETON DISTRIBUTORS, INC., FRANK T. CROHN, BURTON J. GREENWALD, CHARLES RUBENS II, LEONARD RUBIN, and WILLIAM J. LIPPMAN,<br><br>    Defendants, and<br><br>FRANKLIN BALANCE SHEET INVESTMENT FUND,<br><br>    Nominal Defendant. | Civil Action No. 04-11195-MLW |

**PLAINTIFF'S MOTION FOR CASE REASSIGNMENT**

Now comes the Plaintiff, Eric R. Bahe, in the above-referenced action, and he hereby respectfully moves this Court to order this action reassigned to Judge Patti B. Saris. In support of this motion, the Plaintiff states as follows:

1.    This action was commenced on June 3, 2004, with the filing of the Derivative Complaint. As reflected on the first page of the Derivative Complaint, a copy of which is attached hereto as Exhibit A, when this action was filed it was assigned to Judge Saris and given the docket number 04 -11195 - PBS.

2.  Thereafter, this action was assigned to Judge Tauro. Plaintiff understands that that reassignment resulted from Plaintiff's designation of this action as related to <u>In re: ING Principal Protection Funds Derivative Litigation</u>, No. 03-CV-12198-JLT, pending before Judge Tauro (see Exhibit B hereto).

3.  On July 14, 2004, Judge Tauro entered an order recusing himself from this case in order to avoid a potential conflict of interest (see Exhibit C hereto).

4.  On July 16, 2004, counsel received notice that this action had been reassigned to this Court (see Exhibit D hereto).

Plaintiff respectfully submits that in light of the procedural history described above, this action should be transferred to Judge Saris, to whom it had originally been assigned when it was first filed on June 3, 2004.

In support of this motion Plaintiff observes that the procedure sought by Plaintiff in this motion was followed in *Yameen v. Eaton Vance Distributors, Inc.,* 03-CV-12437-RCL (the "Yameen Action"). When the Yameen Action was filed on December 3, 2003, it was assigned to Judge Lindsay (see Exhibit E hereto). Thereafter, on July 8, 2004, it was reassigned to Judge Gorton (see Exhibit F hereto). On July 13, 2004, Judge Gorton entered an order of recusal (see Exhibit G hereto) and the Yameen Action was reassigned to Judge Tauro (see Exhibit H).

On July 26, 2004, in recognition of the fact that, in light of the recusal of Judge Gorton, the transferee judge, the case should have been reassigned back to Judge Lindsay, the transferor judge, the following action was entered in the Yameen Action:

> Please take notice that the above-entitled case previously reassigned to Judge Gorton and then Judge Tauro has been

>   returned to Judge Lindsay, the originally assigned judge, for all further proceedings upon Judge Gorton's recusal. From this date forward the case number on all pleadings should be followed by the initials RCL.

(See Exhibit I.)

Plaintiff respectfully submits that the same procedure should be followed in this action – that in light of Judge Tauro's recusal, this action should be transferred back to Judge Saris, the originally assigned judge.

Dated: August 2, 2004

                                    Respectfully submitted by the attorneys for the Plaintiff,

                                    /s/Edward F. Haber
Edward F. Haber BBO No. 215620
Theodore M. Hess-Mahan BBO No. 557109
Shapiro Haber & Urmy LLP
Exchange Street
53 State Street
Boston, MA 02109
(617) 439-3939

**OF COUNSEL:**

Robert C. Schubert, Esq.
Schubert & Reed LLP
Two Embarcadero Center
Suite 1660
San Francisco, CA 94111
(415) 788-4220

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

    I hereby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the issues raised in this motion.

                                                            /s/Edward F. Haber