UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC R. BAHE, Custodian, CGM Roth Conversion of IRA, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN/TEMPLETON DISTRIBUTORS, INC., FRANK T. CROHN, BURTON J. GREENWALD, CHARLES RUBENS II, LEONARD RUBIN and WILLIAM J. LIPPMAN, <br><br> Defendants, and <br><br> FRANKLIN BALANCE SHEET INVESTMENT FUND, <br><br> Nominal Defendant. | CIVIL ACTION <br> No. 04-CV-11195-MLW |

## MEMORANDUM IN SUPPORT OF DEFENDANTS FRANK T. CROHN, BURTON J. GREENWALD, CHARLES RUBENS, II, AND LEONARD RUBIN'S MOTION TO DISMISS THE COMPLAINT

### INTRODUCTION

Plaintiff's complaint is brought derivatively on behalf of the Franklin Balance Sheet Investment Fund (the "Fund"). The complaint alleges that the Fund's distributor and underwriter, Franklin/Templeton Distributors, Inc. ("Distributors"), violated Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b), and breached its common law fiduciary duty to the Fund and its shareholders by charging the Fund excessive Rule 12b-1 fees. The complaint also alleges that the Trustees of the Fund, Frank T. Crohn, Burton J. Greenwald, Charles Rubens, II, Leonard Rubin, and William J. Lippman (collectively, the "Trustees"), violated their common law fiduciary duty to the Fund and its shareholders by approving and not terminating the Fund's payment of Rule 12b-1 fees to Distributors.

LIBA/1408634.1

Count I asserts the section 36(b) claim against Distributors. Count II asserts the fiduciary duty claim against Distributors. Count III asserts the fiduciary duty claim against the Fund's independent Trustees, Frank T. Crohn, Burton J. Greenwald, Charles Rubens, II, and Leonard Rubin (collectively, the "independent Trustees"), and Mr. Lippman, an interested Trustee.

Plaintiff claims that the "Fund has been damaged" by the alleged breaches of duty (*see* Compl. ¶¶77, 81, 84) and that all defendants are therefore "liable to the Fund" (*id.* ¶¶76, 80, 83). Plaintiff seeks recovery for the Fund of the allegedly excessive Rule 12b-1 fees. (*See id.* prayers for relief.)

Count III of the complaint should be dismissed as to the independent Trustees under Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 23.1 for lack of personal jurisdiction, improper venue and failure to make pre-suit demand.

## BACKGROUND

The Fund is a mutual fund, investing primarily in equity securities. It is a series of the Franklin Value Investors Trust (the "Trust"). The Trust is organized as a Massachusetts business trust pursuant to Mass. Gen. Laws ch. 182. (*See* Compl. ¶¶8, 17.) The Fund has its principal executive offices in California and is managed by its adviser in New Jersey. *See* Declaration of Michael Corcoran ("Corcoran Decl.") ¶3; Declaration of Frank T. Crohn ("Crohn Decl.") ¶3; Declaration of Burton J. Greenwald ("Greenwald Decl.") ¶3; Declaration of Charles Rubens, II ("Rubens, II Decl.") ¶3; Declaration of Leonard Rubin ("Rubin Decl.") ¶3.[1]

As of May 1, 2002, with the exception of 529 Gift Product Investors and new participants in existing retirement plans that offer the Fund as an investment option, the Fund ceased offering

---

[1] In considering a motion under Rules 12(b)(2) and 12(b)(3), the Court may take into account matters beyond the pleadings, including facts put forward by the defendants. *See Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) (Fed. R. Civ. P. 12(b)(2)); *Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 152-53 (D. Mass. 2001) (Fed. R. Civ. P. 12(b)(2)); *Cashman Equip. Corp. v.*

and selling shares to any investor who was not already a Fund shareholder. (*See* Compl. ¶¶29, 30.)

Plaintiff claims that the Trustees breached the fiduciary duty they owe "to the Fund and its shareholders under the common law of the Commonwealth of Massachusetts." (*Id.* ¶¶52-56, 82-84.) Plaintiff contends that, after the May 1, 2002 partial closure of the Fund to new investors, the Trustees breached their fiduciary duty (i) by voting to continue the plan of distribution that the Fund had adopted pursuant to Rule 12b-1 by which the Fund pays distribution fees to Distributors (the "Plan"); (ii) by voting to continue the agreement entered into with Distributors pursuant to the Plan (the "Agreement"); and (iii) by failing to terminate the Plan and the Agreement. (*See id.* ¶¶35-41, 53-56, 82-84.) Plaintiff alleges that the purpose of the Plan and the Agreement is to effect sales of the Fund's shares for the benefit of the Fund and its shareholders, and that, because "no sales of Fund shares have been, or will be, made to the public after May 1, 2002 . . .," there has been "no reasonable likelihood that the payment by the Fund of the ... Distribution Fees ... during that time period would benefit the Fund or its shareholders." (*Id.* ¶47.)

As plaintiff alleges, each of the independent Trustees resides outside Massachusetts: Mr. Crohn in New York; Mr. Greenwald in Pennsylvania; Mr. Rubens, II in New York; and Mr. Rubin in Florida. (*See* Compl. ¶¶9-12.) In addition, none of the independent Trustees has had any contact with any person in Massachusetts (aside from counsel) regarding the matters at issue in this lawsuit. *See* Crohn Decl. ¶5; Greenwald Decl. ¶5; Rubens, II Decl. ¶5; Rubin Decl. ¶5. The independent Trustees have not attended any Board of Trustees meetings of the Fund in Massachusetts, visited the Commonwealth in connection with their work as Trustees, or

---

*Kimmins Contracting Corp.*, No. Civ. A. 03-10463, 2004 WL 32961, at *3 (D. Mass. Jan. 5, 2004) (Fed. R. Civ. P. 12(b)(3)).

performed services for the Fund in Massachusetts. *See* Crohn Decl. ¶¶3, 4; Greenwald Decl. ¶¶ 3, 4; Rubens, II Decl. ¶¶ 3, 4; Rubin Decl. ¶¶3, 4. Most importantly, none of the actions of the Trustees with respect to the Plan has taken place in Massachusetts. *See* Crohn Decl. ¶4; Greenwald Decl. ¶4; Rubens, II Decl. ¶4; Rubin Decl. ¶4. In addition, the payments of Rule 12b-1 fees to Distributors were made by way of the transfer of funds from a bank account in New York to one in California – entirely outside of the Commonwealth of Massachusetts. *See* Corcoran Decl. ¶¶5-8.

Plaintiff brings his claims derivatively on behalf of the Fund. (*See* Compl. ¶¶65-74, 82-84.) Plaintiff alleges that pre-suit demand on the Trustees is excused on grounds of futility because the Trustees "voted to approve," "voted to continue," and "failed to terminate" allegedly excessive fees paid pursuant to the Plan and the Agreement. (*Id.* ¶¶69-70.)

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over The Independent Trustees (and Mr. Lippman)[2]

The complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) as to the independent Trustees (and Mr. Lippman) because the Court lacks personal jurisdiction over them. Personal jurisdiction is governed by the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223, §3. *See Gray v. O'Brien*, 777 F.2d 864, 866-67 (1st Cir. 1985). Under this statute, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:

(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth;
(c) causing tortious injury by an act or omission in this commonwealth;

---

[2] Mr. Lippman, an interested Trustee, is separately represented, but for purposes of personal jurisdiction and venue, is similarly situated to all other Trustees and is submitting an affidavit similar to the declarations submitted by the independent Trustees.

> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
> (e) having an interest in, using or possessing real property in this commonwealth;
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting . . . ."

Mass. Gen. Laws ch. 223A, §3.

Plaintiff bears the burden of establishing personal jurisdiction. *See Cunningham v. Ardrox, Inc.*, 40 Mass. App. Ct. 279, 279-81, 663 N.E.2d 577 (1996) (jurisdiction is established only when plaintiff meets its burden of proving facts sufficient to satisfy the Long-Arm Statute). Here, plaintiff has failed to meet his burden. First, subsections (a), (b), (c), (e) and (f) of the Long-Arm Statute do not apply because plaintiff has not alleged, nor could he, that the breach of fiduciary duty claim against the independent Trustees arises from the Trustees' having engaged in any conduct in the Commonwealth of Massachusetts. *See LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 55 (D. Mass. 1997) (*citing Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771 (1994)); *Debrecceni v. Bru-Jell Leasing Corp.*, 710 F. Supp. 15, 20 (D. Mass. 1989). As the declarations of the independent Trustees demonstrate, the Trustees meet in New Jersey and states other than Massachusetts and any action taken with respect to the Plan occurred outside the Commonwealth. *See* Crohn Decl. ¶¶3, 4; Greenwald Decl. ¶¶3, 4; Rubens, II Decl. ¶¶3, 4; Rubin Decl. ¶¶3, 4.

Second, subsection (d) of the Long-Arm Statute does not apply as no injury is alleged to have occurred within the Commonwealth. *See American Home Assur. Co. v. Sport Maska, Inc.*, 808 F. Supp. 67, 73 (D. Mass. 1992) (to satisfy subsection (d), plaintiff must show that defendants "caus[ed] tortious injury *in this commonwealth*" by their out-of-state acts or omissions) (emphasis added). Here, the claimed injury is the

Fund's payment of allegedly excessive Rule 12b-1 fees to Distributors. (*See* Compl. ¶¶43-45, 83-84.) These payments were made by way of the transfer of funds from a bank account in New York to one in California, entirely outside of the Commonwealth of Massachusetts. *See* Corcoran Decl. ¶¶5-8. The Fund itself has its principal executive offices in California and is managed by its adviser in New Jersey. *See id.* ¶3; Crohn Decl. ¶3; Greenwald Decl. ¶3; Rubens, II Decl. ¶3; Rubin Decl. ¶3. Thus, the alleged injury has occurred outside of Massachusetts, precluding personal jurisdiction under Mass. Gen. Laws ch. 223A, §3(d), under any accepted theory of location of injury. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791-92 (2d Cir. 1999) (under New York's equivalent of Mass. Gen. Laws ch. 223A, §3(d), injury occurs at location of transfer of funds); *In re Med-Atlantic Petroleum Corp.*, 233 B.R. 644, 659-60 (S.D.N.Y. 1999) (same); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1113-14 (9th Cir. 2002) (the principal place of business should be used to determine the location of a corporation's place of economic injury) (collecting cases).

## II.   Venue In This District Is Improper As To The Independent Trustees (and Mr. Lippman)

The complaint also should be dismissed under Fed. R. Civ. P. 12(b)(3) as to the independent Trustees (and Mr. Lippman) because venue is improper in this district as to them. Plaintiff alleges that venue is proper pursuant to 28 U.S.C. §1391(b). (*See* Compl. ¶4.) But he is incorrect as a matter of law.

28 U.S.C. §1391(b) allows for a case to be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff bears the burden of establishing that venue is proper. *See Bearse v. Main Street Invs.*, 170 F. Supp. 2d 107, 116 (D. Mass. 2001). As with personal jurisdiction, plaintiff has failed to meet his burden. None of the three subparagraphs of 28 U.S.C. §1391(b) applies here. Subparagraph (1) does not apply because all defendants do not reside in the same state. (*See* Compl. ¶¶9-13 (alleging that defendants reside in different states).) Subparagraph (2) does not apply because a substantial part of the events or omissions giving rise to Count III of the Complaint – the Trustees' review, approval, and continuance of the Plan and Agreement (*see id.* ¶¶53, 55, 68, 70a) – did not occur in Massachusetts. As the declarations submitted by the independent Trustees show, the Trustees have not met in Massachusetts; no Trustee has performed any services for the Fund in Massachusetts; and none of the actions of the Trustees with respect to the Plan has taken place in Massachusetts. *See* Crohn Decl. ¶¶3, 4; Greenwald Decl. ¶¶3, 4; Rubens, II Decl. ¶¶3,4; Rubin Decl. ¶¶3, 4. *See also Bearse*, 170 F. Supp. 2d at 116-17 (venue improper in Massachusetts under identical "substantial part of the events or omissions" provision of section 1391(a) where claims alleged fraud in the sale of bonds that had occurred in Florida). Finally, subparagraph (3) of 28 U.S.C. § 1391(b) does not apply because there are other jurisdictions where this action may be brought – namely, any jurisdiction where a substantial part of the events alleged actually occurred.

LIBA/1408634.1

### III. Plaintiff Has Failed To Make The Required Demand On The Trustees

The complaint should also be dismissed under Fed. R. Civ. P. 23.1 as to the independent Trustees because plaintiff has not made a pre-suit demand on the Trustees and demand is not excused. Rule 23.1 requires a derivative plaintiff to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort."

Because the Fund is organized under the laws of the Commonwealth of Massachusetts (Compl. ¶ 8), Massachusetts law determines the substantive adequacy of plaintiff's demand allegations. *See Kamen v. Kemper Fin. Svcs.*, 500 U.S. 90, 95-102 (1991). Under Massachusetts law, a derivative plaintiff must allege the details of his or her pre-suit "demand, or the reasons that such a demand should be 'excused' because it would have been 'futile.'" *See, e.g., Hills v. Chambers*, No. 96-0072B, 2000 WL 1532335, at *10-11 (Mass. Super. Ct. Aug. 18, 2000) (collecting cases). Here, plaintiff admits that he has made no pre-suit demand on the Trustees. (Compl. ¶ 69.) Thus, the only inquiry is whether demand is excused. Demand may be excused as futile, however, *only* if the plaintiff alleges facts sufficient to show that a majority of the board is "interested" in the outcome of the lawsuit and therefore could not have fairly evaluated a pre-suit demand. *Harhen v. Brown*, 431 Mass. 838, 842-44, 730 N.E.2d 859 (2000).

Under Rule 23.1, moreover, plaintiff faces a heightened pleading standard, for he must allege with *particularity* facts showing the independent Trustees' interest in the outcome of the case. To proceed derivatively in the absence of a demand, a plaintiff

> must show that his case is exceptional. His initial burden is to demonstrate why the directors are incapable of doing their duty, or as the Court has put it, to show that 'the antagonism between the directory and the corporate interest . . . be unmistakable.'

*In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973) (applying Massachusetts law) (quoting *Delaware & Hudson Co. v. Albany & Susquehanna R.R.*, 213 U.S. 435, 447 (1909)). The First Circuit takes a particularly "strict view" of these pleading requirements under Rule 23.1. *Untermeyer v. Fidelity Daily Income Trust*, 580 F.2d 22, 23 (1st Cir. 1978). Plaintiff has failed to meet his pleading burden here, and thus his common law fiduciary duty claim against the independent Trustees should be dismissed.

To begin with, the independent Trustees are independent and disinterested as a matter of law. The Massachusetts Business Trust statute, Mass. Gen Laws ch. 182, § 2B, states in relevant part:

> A trustee of a trust who with respect to the trust is not an interested person, as defined in [the] Investment Company Act of 1940 [§ 2(a)(19)], shall be deemed to be independent and disinterested when making any determination or taking any action as a trustee.

As the independent Trustees affirm, they are non-interested persons pursuant to provisions of the Investment Company Act. *See* Crohn Decl. ¶2; Greenwald Decl. ¶2; Rubens, II Decl. ¶2; Rubin Decl. ¶2. For that matter, plaintiff does not allege, nor could he, any *particulars* showing that the independent Trustees fit within the definition of "interested person" contained in Section 2(a)(19) of the Investment Company Act. *See* 15 U.S.C. § 80a-2(a)(19). Thus, plaintiff's purely conclusory assertion that there are "no disinterested Trustees" (Compl. ¶72) is entitled to no weight. Since a majority of the Trustees are, in fact, not "interested persons" under the Investment Company Act, they are "deemed to be independent and disinterested" under the Massachusetts Business Trust statute, and demand is therefore required under Massachusetts law.

In addition, plaintiff's fact allegations intended to establish Trustee interest are unsound. Plaintiff alleges that the independent Trustees are "interested" because the Trustees "voted to

9

LIBA/1408634.1

approve," "voted to continue," and "failed to terminate" the Plan and Agreement. (*Id.* ¶70.) Such allegations, however, are inadequate as a matter of law, even aside from Mass. Gen. Laws ch. 182, §2B. *See In re Kauffman*, 479 F.2d at 265 ("Where mere approval of the corporate action, absent self-interest or other indication of bias, is the sole basis for establishing the directors' 'wrongdoing' and hence for excusing demand on them, plaintiff's suit should ordinarily be dismissed."); *Grossman v. Johnson*, 89 F.R.D. 656, 659 (D. Mass. 1981) ("[M]ere approval by directors of the alleged unlawful action does not constitute sufficient participation in that conduct to excuse demand upon them."), *aff'd*, 674 F.2d 115 (1st Cir. 1982).

Indeed, under Massachusetts law a corporate director is not deemed to be "interested" merely by approving or acquiescing in a challenged action, even when the director is himself sued on account of his approval or acquiescence. In *Harhen*, the Supreme Judicial Court adopted, "for purposes of shareholders derivative actions," the American Law Institute's definition of "interested." (*Harhen*, 431 Mass. at 842.) Under the ALI standard, demand is *not excused* where, as here, "the complaint against the director . . . *is based only on the fact that the director approved of or acquiesced in the transaction or conduct that is the subject of the action.*" 1 ALI Principles of Corporate Governance: Analysis and Recommendations § 1.23(c) (1994) (emphasis added)[3] (quoted in *Harhen*, 431 Mass. at 844 n.5).[4]

---

[3] ALI Section 1.23(c) states, in relevant part:

A director is interested in an action ... [if] the Director is a defendant in the action, *except* that the fact a director is named as a defendant *does not* make the director interested ... if the complaint again the director: (A) *is based only on the fact that the director approved of or acquiesced in the transaction or conduct that is the subject of the action*, and (B) does not otherwise allege with particularity facts that, if true, raise a significant prospect that the directors would be adjudged liable to the corporation or its shareholders. (Emphasis added.)

[4] Additionally, Massachusetts legal policy is further reflected in the recently enacted Business Corporation Act, which requires all derivative plaintiffs to make a pre-suit demand on the Board without exception. Ch. 156D, art. 7, §7.42. The Act became effective July 1, 2004.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed as against the independent Trustees – Frank T. Crohn, Burton J. Greenwald, Charles Rubens, II, and Leonard Rubin.

                                           Respectfully submitted,

                                           FRANK T. CROHN, BURTON J. GREENWALD,
                                           CHARLES RUBENS, II, AND LEONARD RUBIN

                                           By their attorneys,

                                           _____
                                           James S. Dittmar, P.C. (BBO# 126320)
                                           Stuart M. Glass (BBO# 641466)
                                           GOODWIN PROCTER LLP
                                           Exchange Place
                                           Boston, Massachusetts 02109-2881

Dated: August 27, 2004                (617) 570-1000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/by hand and/or Federal Express on 8/27/04 _____

LIBA/1408634.1