# AMENDED AND RESTATED
# AGREEMENT AND DECLARATION OF TRUST

of

## L. F. ROTHSCHILD, UNTERBERG, TOWBIN INVESTMENT TRUST

a Massachusetts Business Trust

Dated: October 30, 1986

TABLE OF CONTENTS

L. F. ROTHSCHILD, UNTERBERG, TOWBIN INVESTMENT TRUST

AGREEMENT AND DECLARATION OF TRUST

|  |  | Page No. |
|---|---|---|
| ARTICLE I | Name and Definitions | 1 |
| 1. | Name | 1 |
| 2. | Definitions | 1 |
| (a) | Trust | 1 |
| (b) | Trustees | 1 |
| (c) | Shares | 1 |
| (d) | Shareholder | 2 |
| (e) | 1940 Act | 2 |
| (f) | Commission and Principal Underwriter | 2 |
| (g) | Declaration of Trust | 2 |
| (h) | By-Laws | 2 |
| (i) | Series Company | 2 |
| (j) | Series | 2 |
| ARTICLE II | Purpose of Trust | 2 |
| ARTICLE III | Shares | 2 |
| 1. | Division of Beneficial Interest | 2 |
| 2. | Ownership of Shares | 3 |
| 3. | Investments in the Trust | 3 |
| 4. | Status of Shares and Limitation of Personal Liability | 3 |
| 5. | Power of Trustees to Change Provisions Relating to Shares | 3 |
| 6. | Establishment and Designation of Series | 5 |
| (a) | Assets Belonging to Series | 5 |
| (b) | Liabilities Belonging to Series | 5 |
| (c) | Dividends, Distributions, Redemptions, and Repurchases | 6 |
| (d) | Voting | 6 |
| (e) | Equality | 6 |
| (f) | Fractions | 6 |
| (g) | Exchange Privilege | 6 |
| (h) | Combination of Series | 7 |
| (i) | Elimination of Series | 7 |
| 7. | Indemnification of Shareholders | 7 |
| 8. | Initial Designation of Series | 7 |

|  |  | Page No. |
|---|---|---|
| ARTICLE IV | The Trustees | 7 |
| 1. | Election and Tenure | 7 |
| 2. | Effect of Death, Resignation, etc. of a Trustee | 8 |
| 3. | Powers | 8 |
| 4. | Payment of Expenses by the Trust | 11 |
| 5. | Payment of Expenses by Shareholders | 11 |
| 6. | Ownership of Assets of the Trust | 11 |
| 7. | Service Contracts | 12 |
| ARTICLE V | Shareholders' Voting Powers and Meetings | 13 |
| 1. | Voting Powers | 13 |
| 2. | Voting Power and Meetings | 14 |
| 3. | Quorum and Required Vote | 14 |
| 4. | Action by Written Consent | 14 |
| 5. | Record Dates | 14 |
| 6. | Additional Provisions | 15 |
| ARTICLE VI | Net Asset Value, Distributions, and Redemptions | 15 |
| 1. | Determination of Net Asset Value, Net Income and Distributions | 15 |
| 2. | Redemptions and Repurchases | 15 |
| 3. | Redemptions at the Option of the Trust | 16 |
| ARTICLE VII | Compensation and Limitation of Liability of Trustees | 16 |
| 1. | Compensation | 16 |
| 2. | Limitation of Liability | 16 |
| 3. | Indemnification | 17 |
| ARTICLE VIII | Miscellaneous | 17 |
| 1. | Trustees, Shareholders, etc. Not Personally Liable; Notice | 17 |
| 2. | Trustee's Good Faith Action, Expert Advice, No Bond or Surety | 18 |
| 3. | Liability of Third Persons Dealing with Trustees | 18 |
| 4. | Termination of Trust or Series | 18 |
| 5. | Merger and Consolidation | 18 |
| 6. | Filing of Copies, References, Headings | 19 |
| 7. | Applicable Law | 19 |
| 8. | Amendments | 19 |
| 9. | Trust Only | 19 |
| 10. | Use of the Name "L.F. Rothschild, Unterberg, Towbin" | 19 |

AMENDED AND RESTATED

AGREEMENT AND DECLARATION OF TRUST

OF

L. F. ROTHSCHILD, UNTERBERG, TOWBIN INVESTMENT TRUST

THIS AMENDED AND RESTATED AGREEMENT AND DECLARATION OF TRUST is made and entered into as of this 30th day of October, 1986 by the Trustees named hereunder.

WHEREAS the Trustees desire and have agreed to manage all property coming into their hands as trustees of a Massachusetts business trust in accordance with the provisions hereinafter set forth,

NOW, THEREFORE, the Trustees hereby direct that this Amended and Restated Agreement and Declaration of Trust be filed with the Secretary of The Commonwealth of Massachusetts and do hereby declare that they will hold all cash, securities and other assets, which they may from time to time acquire in any manner as Trustees hereunder, IN TRUST, and manage and dispose of the same upon the following terms and conditions for the pro rata benefit of the holders of Shares in this Trust.

ARTICLE I

Name and Definitions

Section 1. Name. This Trust, formerly known as Rising Dividend Shares, shall henceforth be known as the L.F. Rothschild, Unterberg, Towbin Investment Trust and the Trustees shall conduct the business of the Trust under that name or any other name as they may from time to time determine.

Section 2. Definitions. Whenever used herein, unless otherwise required by the context or specifically provided:

(a) The "Trust" refers to the Massachusetts business trust established by this Agreement and Declaration of Trust, as amended from time to time;

(b) "Trustees" refers to the persons named at the end of this Declaration of Trust and constituting the Board of Trustees of the Trust, so long as they continue in office in accordance with the terms hereof, and all other persons who may from time to time be duly elected or appointed to serve on the Board of Trustees in accordance with Article IV hereof;

(c) "Shares" means the equal proportionate units of interest into which the beneficial interest in the Trust or in the Trust property belonging to any Series of the Trust (as the context may require) shall be divided from time to time;

(d)  "Shareholder" means a record owner of Shares;

(e)  The "1940 Act" refers to the Investment Company Act of 1940 and the Rules and Regulations thereunder, all as amended from time to time;

(f)  The terms "Commission" and "Principal Underwriter" shall have the meanings given them in the 1940 Act;

(g)  "Declaration of Trust" shall mean this Agreement and Declaration of Trust, as amended or restated from time to time;

(h)  "By-Laws" shall mean the By-Laws of the Trust as amended from time to time;

(i)  "Series Company" refers to the form of registered open-end investment company described in Section 18(f)(2) of the 1940 Act or in any successor statutory provision; and

(j)  "Series" refers to each Series of Shares established and designated under or in accordance with the provisions of Article III.

ARTICLE II

Purpose of Trust

The purpose of the Trust is to conduct, operate and carry on the business of a managed investment company registered under the 1940 Act through one or more portfolios invested primarily in securities.

ARTICLE III

Shares

Section 1. Division of Beneficial Interest. The beneficial interest in the Trust shall at all times be divided into an unlimited number of Shares, with a par value of $ .01 per Share. Subject to the provisions of Section 6 of this Article III, each Share shall have voting rights as provided in Article V hereof, and holders of the Shares of any Series shall be entitled to receive dividends, when and as declared with respect thereto in the manner provided in Article VI, Section 1 hereof. No Shares shall have any priority or preference over any other Share of the same Series with respect to dividends or distributions upon termination of the Trust or of such Series made pursuant to Article VIII, Section 4 hereof. All dividends and distributions shall be made ratably among all Shareholders of a particular Series from the assets belonging to such Series according to the number of Shares of such Series held of record by such Shareholder on the record date for any dividend or on the date of termination, as the case may be. Shareholders shall have no

00705

- 2 -

preemptive or other right to subscribe to any additional Shares or other securities issued by the Trust or any Series. The Trustees may from time to time divide or combine the Shares of any particular Series into a greater or lesser number of Shares of that Series without thereby changing the proportionate beneficial interest of the Shares of that Series in the assets belonging to that Series or in any way affecting the rights of Shares of any other Series.

Section 2. <u>Ownership of Shares</u>. The ownership of Shares shall be recorded on the books of the Trust or a transfer or similar agent for the Trust, which books shall be maintained separately for the Shares of each Series. No certificates certifying the ownership of Shares shall be issued except as the Board of Trustees may otherwise determine from time to time. The Trustees may make such rules as they consider appropriate for the transfer of Shares of each Series and similar matters. The record books of the Trust, as kept by the Trust or any transfer or similar agent, as the case may be, shall be conclusive as to who are the Shareholders of each Series and as to the number of Shares of each Series held from time to time by each.

Section 3. <u>Investments in the Trust</u>. The Trustees may accept investments in the Trust from such persons, at such times, on such terms, and for such consideration as they from time to time authorize.

Section 4. <u>Status of Shares and Limitation of Personal Liability</u>. Shares shall be deemed to be personal property giving only the rights provided in this instrument. Every Shareholder by virtue of having become a Shareholder shall be held to have expressly assented and agreed to the terms hereof and to have become a party hereto. The death of a Shareholder during the existence of the Trust shall not operate to terminate the Trust, nor entitle the representative of any deceased Shareholder to an accounting or to take any action in court or elsewhere against the Trust or the Trustees, but entitles such representative only to the rights of said deceased Shareholder under this Trust. Ownership of Shares shall not entitle the Shareholder to any title in or to the whole or any part of the Trust property or right to call for a partition or division of the same or for an accounting, nor shall the ownership of Shares constitute the Shareholders as partners. Neither the Trust nor the Trustees, nor any officer, employee or agent of the Trust shall have any power to bind personally any Shareholders, nor, except as specifically provided herein, to call upon any Shareholder for the payment of any sum of money or assessment whatsoever other than such as the Shareholder may at any time personally agree to pay.

Section 5. <u>Power of Board of Trustees to Change Provisions Relating to Shares</u>. Notwithstanding any other provision of this Declaration of Trust and without limiting the power of the Board of Trustees to amend the Declaration of Trust as provided elsewhere herein, the Board of Trustees shall have the power to

00705

- 3 -

amend this Declaration of Trust, at any time and from time to time, in such manner as the Board of Trustees may determine in their sole discretion, without the need for Shareholder action, so as to add to, delete, replace or otherwise modify any provisions relating to the Shares contained in this Declaration of Trust, provided that before adopting any such amendment without Shareholder approval the Board of Trustees shall determine that it is consistent with the fair and equitable treatment of all Shareholders or that Shareholder approval is not otherwise required by the 1940 Act or other applicable law.

Without limiting the generality of the foregoing, the Board of Trustees may, for the above-stated purposes, amend the Declaration of Trust to:

(a) create one or more Series of Shares (in addition to any Series already existing or otherwise) with such rights and preferences and such eligibility requirements for investment therein as the Trustees shall determine and reclassify any of all outstanding Shares as shares of a particular Series in accordance with such eligibility requirements;

(b) amend any of the provisions set forth in paragraphs (a) through (i) of Section 6 of this Article III;

(c) combine one or more Series of Shares into a single Series on such terms and conditions as the Trustees shall determine;

(d) change or eliminate any eligibility requirements for investment in Shares of any Series, including without limitation, to provide for the issue of Shares of any Series in connection with any merger or consolidation of the Trust with another trust or company or any acquisition by the Trust of part or all of the assets of another trust or investment company;

(e) change the designation of any Series of Shares;

(f) change the method of allocating dividends among the various Series of Shares;

(g) allocate any specific assets or liabilities of the Trust or any specific items of income or expense of the Trust to one or more Series of Shares;

(h) specifically allocate assets to any or all Series of Shares or create one or more additional Series of Shares which are preferred over all other Series of Shares in respect of assets specifically allocated thereto or any dividends paid by the Trust with respect to any net income, however determined, earned from the investment and reinvestment of any assets so allocated or otherwise and provide for any special voting or other rights with respect to such Series.

00705

- 4 -

Section 6. **Establishment and Designation of Series.** Except as set forth in Section 8 of this Article III, the establishment and designation of any other Series of Shares shall be effective upon the resolution by a majority of the then Trustees, setting forth such establishment and designation and the relative rights and preferences of such Series, or as otherwise provided in such resolution. Such establishment and designation shall be set forth in an amendment to this Declaration of Trust as provided in Section 8 of Article VIII.

Shares of each Series established pursuant to this Section 6, unless otherwise provided in the resolution establishing such Series, shall have the following relative rights and preferences:

(a) **Assets Belonging to Series.** All consideration received by the Trust for the issue or sale of Shares of a particular Series, together with all assets in which such consideration is invested or reinvested, all income, earnings, profits, and proceeds thereof from whatever source derived, including, without limitation, any proceeds derived from the sale, exchange or liquidation of such assets, and any funds or payments derived from any reinvestment of such proceeds in whatever form the same may be, shall irrevocably belong to that Series for all purposes, subject only to the rights of creditors, and shall be so recorded upon the books of account of the Trust. Such consideration, assets, income, earnings, profits and proceeds thereof, from whatever source derived, including, without limitation, any proceeds derived from the sale, exchange or liquidation of such assets, and any funds or payments derived from any reinvestment of such proceeds, in whatever form the same may be, are herein referred to as "assets belonging to" that Series. In the event that there are any assets, income, earnings, profits and proceeds thereof, funds or payments which are not readily identifiable as belonging to any particular Series (collectively "General Assets"), the Trustees shall allocate such General Assets to, between or among any one or more of the Series in such manner and on such basis as they, in their sole discretion, deem fair and equitable, and any General Asset so allocated to a particular Series shall belong to that Series. Each such allocation by the Trustees shall be conclusive and binding upon the Shareholders of all Series for all purposes.

(b) **Liabilities Belonging to Series.** The assets belonging to each particular Series shall be charged with the liabilities of the Trust in respect to that Series and all expenses, costs, charges and reserves attributable to that Series, and any general liabilities of the Trust which are not readily identifiable as belonging to any particular Series shall be allocated and charged by the Trustees to and among any one or more of the Series in such manner and on such basis as the Trustees in their sole discretion deem fair and equitable. The liabilities, expenses, costs, charges, and reserves so charged to a Series are herein referred to as "liabilities belonging to" that Series. Each allocation of liabilities, expenses, costs, charges and reserves by the Trustees shall be conclusive and binding upon the holders

00705

- 5 -

of all Series for all purposes. Under no circumstances shall the assets allocated or belonging to any particular Series be charged with liabilities attributable to any other Series. All persons who have extended credit which has been allocated to a particular Series, or who have a claim or contract which has been allocated to any particular Series, shall look only to the assets of that particular Series for payment of such credit, claim, or contract.

(c) _Dividends, Distributions, Redemptions, and Repurchases_. Notwithstanding any other provisions of this Declaration of Trust, including, without limitation, Article VI, no dividend or distribution (including, without limitation, any distribution paid upon termination of the Trust or of any Series) with respect to, nor any redemption or repurchase of, the Shares of any Series shall be effected by the Trust, other than from the assets belonging to such Series, nor, except as specifically provided in Section 7 of this Article III, shall any Shareholder of any particular Series otherwise have any right or claim against the assets belonging to any other Series except to the extent that such Shareholder has such a right or claim hereunder as a Shareholder of such other Series. The Trustees shall have full discretion, to the extent not inconsistent with the 1940 Act, to determine which items shall be treated as income and which items as capital; and each such determination and allocation shall be conclusive and binding upon the Shareholders.

(d) _Voting_. All Shares of the Trust entitled to vote on a matter shall vote separately by Series. That is, the Shareholders of each Series shall have the right to approve or disapprove matters affecting the Trust and each respective Series as if the Series were separate companies. There are, however, two exceptions to voting by separate Series. First, if the 1940 Act requires all Shares of the Trust to be voted in the aggregate without differentiation between the separate Series, then all the Trust's Shares shall be entitled to vote on a one-vote-per-Share basis. Second, if any matter affects only the interests of some but not all Series, then only the Shareholders of such affected Series shall be entitled to vote on the matter.

(e) _Equality_. All the Shares of each particular Series shall represent an equal proportionate interest in the assets belonging to that Series (subject to the liabilities belonging to that Series), and each Share of any particular Series shall be equal to each other Share of that Series.

(f) _Fractions_. Any fractional Share of a Series shall carry proportionately all the rights and obligations of a whole share of that Series, including rights with respect to voting, receipt of dividends and distributions, redemption of Shares and termination of the Trust.

(g) _Exchange Privilege_. The Trustees shall have the authority to provide that the holders of Shares of any Series shall have the right to exchange said Shares for Shares of one or more other Series of Shares in accordance with such requirements

00705

- 6 -

and procedures as may be established by the Trustees.

(h) <u>Combination of Series</u>. The Trustees shall have the authority, without the approval of the Shareholders of any Series unless otherwise required by applicable law, to combine the assets and liabilities belonging to any two or more Series into assets and liabilities belonging to a single Series.

(i) <u>Elimination of Series</u>. At any time that there are no Shares outstanding of any particular Series previously established and designated, the Trustees may amend this Declaration of Trust to abolish that Series and to rescind the establishment and designation thereof, such amendment to be effected in the manner provided in Section 5 of this Article III.

Section 7. <u>Indemnification of Shareholders</u>. In case any Shareholder or former Shareholder shall be held to be personally liable solely by reason of his or her being or having been a Shareholder and not because of his or her acts or omissions or for some other reason, the Shareholder or former Shareholder (or his or her heirs, executors, administrators, or other legal representatives or in the case of a corporation or other entity, its corporate or other general successor) shall be entitled out of the assets of the Trust to be held harmless from and indemnified against all loss and expense arising from such liability.

Section 8. <u>Initial Designation of Series</u>. Subject to the relative rights and preferences and other terms of this Agreement and Declaration of Trust, the Trustees authorize the establishment of three (3) initial Series to be designated as follows: the Rising Dividends Portfolio, the Income Portfolio, and the Corporate Cash Portfolio.

ARTICLE IV

The Board of Trustees

Section 1. <u>Number, Election and Tenure</u>. The number of Trustees constituting the Board of Trustees shall be five (5), unless such number shall be changed from time to time by a written instrument signed by a majority of the Board of Trustees, provided, however, that the number of Trustees shall in no event be less than one nor more than 15. The Board of Trustees, by action of a majority of the then Trustees at a duly constituted meeting, may fill vacancies in the Board of Trustees or remove Trustees with or without cause. Each Trustee shall serve during the continued lifetime of the Trust until he dies, resigns, is declared bankrupt or incompetent by a court of appropriate jurisdiction, or is removed, or, if sooner, until the next meeting of Shareholders called for the purpose of electing Trustees and until the election and qualification of his successor. Any Trustee may resign at any time by written instrument signed by him and delivered to any officer of the

Trust or to a meeting of the Trustees. Such resignation shall be effective upon receipt unless specified to be effective at some other time. Except to the extent expressly provided in a written agreement with the Trust, no Trustee resigning and no Trustee removed shall have any right to any compensation for any period following his resignation or removal, or any right to damages on account of such removal. The Shareholders may fix the number of Trustees and elect Trustees at any meeting of Shareholders called by the Trustees for that purpose.

Section 2. Effect of Death, Resignation, etc. of a Trustee. The death, declination, resignation, retirement, removal, or incapacity of one or more Trustees, or all of them, shall not operate to annul the Trust or to revoke any existing agency created pursuant to the terms of this Declaration of Trust. Whenever a vacancy in the Board of Trustees shall occur, until such vacancy is filled as provided in Article IV, Section 1, the Trustees in office, regardless of their number, shall have all the powers granted to the Trustees and shall discharge all the duties imposed upon the Trustees by this Declaration of Trust. As conclusive evidence of such vacancy, a written instrument certifying the existence of such vacancy may be executed by an officer of the Trust or by a majority of the Board of Trustees. In the event of the death, declination, resignation, retirement, removal, or incapacity of all the then Trustees within a short period of time and without the opportunity for at least one Trustee being able to appoint additional Trustees to fill vacancies, the Trust's investment adviser or investment advisers jointly, if there is more than one, are empowered to appoint new Trustees subject to the provisions of Section 16(a) of the 1940 Act.

Section 3. Powers. Subject to the provisions of this Declaration of Trust, the business of the Trust shall be managed by the Board of Trustees, and such Board shall have all powers necessary or convenient to carry out that responsibility including the power to engage in securities transactions of all kinds on behalf of the Trust. Without limiting the foregoing, the Trustees may: adopt By-Laws not inconsistent with this Declaration of Trust providing for the regulation and management of the affairs of the Trust and may amend and repeal them to the extent that such By-Laws do not reserve that right to the Shareholders; fill vacancies in or remove from their number, and may elect and remove such officers and appoint and terminate such agents as they consider appropriate; appoint from their own number and establish and terminate one or more committees consisting of two or more Trustees which may exercise the powers and authority of the Board of Trustees to the extent that the Trustees determine; employ one or more custodians of the assets of the Trust and may authorize such custodians to employ subcustodians and to deposit all or any part of such assets in a system or systems for the central handling of securities or with a Federal Reserve Bank, retain a transfer agent or a shareholder servicing agent, or both; provide for the issuance and distribution of Shares by the Trust directly or through one or

00705

more Principal Underwriters or otherwise; redeem, repurchase and transfer Shares pursuant to applicable law; set record dates for the determination of Shareholders with respect to various matters; declare and pay dividends and distributions to Shareholders of each Series from the assets of such Series; and in general delegate such authority as they consider desirable to any officer of the Trust, to any committee of the Trustees and to any agent or employee of the Trust or to any such custodian, transfer or shareholder servicing agent, or Principal Underwriter. Any determination as to what is in the interests of the Trust made by the Trustees in good faith shall be conclusive. In construing the provisions of this Declaration of Trust, the presumption shall be in favor of a grant of power to the Trustees.

Without limiting the foregoing, the Board of Trustees shall have power and authority:

(a) To invest and reinvest cash, to hold cash uninvested, and to subscribe for, invest in, reinvest in, purchase or otherwise acquire, own, hold, pledge, sell, assign, transfer, exchange, distribute, write options on, lend or otherwise deal in or dispose of contracts for the future acquisition or delivery of fixed income or other securities, and securities of every nature and kind, including, without limitation, all types of bonds, debentures, stocks, negotiable or non-negotiable instruments, obligations, evidences of indebtedness, certificates of deposit or indebtedness, commercial paper, repurchase agreements, bankers' acceptances, and other securities of any kind, issued, created, guaranteed, or sponsored by any and all persons, including, without limitation, states, territories, and possessions of the United States and the District of Columbia and any political subdivision, agency, or instrumentality thereof, any foreign government or any political subdivision of the U.S. Government or any foreign government, or any international instrumentality, or by any bank or savings institution, or by any corporation or organization organized under the laws of the United States or of any state, territory, or possession thereof, or by any corporation or organization organized under any foreign law, or in "when issued" contracts for any such securities, to change the investments of the assets of the Trust; and to exercise any and all rights, powers, and privileges of ownership or interest in respect of any and all such investments of every kind and description, including, without limitation, the right to consent and otherwise act with respect thereto, with power to designate one or more persons, firms, associations, or corporations to exercise any of said rights, powers, and privileges in respect of any of said instruments;

(b) To sell, exchange, lend, pledge, mortgage, hypothecate, lease, or write options with respect to or otherwise deal in any property rights relating to any or all of the assets of the Trust;

(c) To vote or give assent, or exercise any rights of ownership, with respect to stock or other securities or property;

and to execute and deliver proxies or powers of attorney to such person or persons as the Trustees shall deem proper, granting to such person or persons such power and discretion with relation to securities or property as the Trustees shall deem proper;

(d) To exercise powers and right of subscription or otherwise which in any manner arise out of ownership of securities;

(e) To hold any security or property in a form not indicating any trust, whether in bearer, unregistered or other negotiable form, or in its own name or in the name of a custodian or subcustodian or a nominee or nominees or otherwise;

(f) To consent to or participate in any plan for the reorganization, consolidation or merger of any corporation or issuer of any security which is held in the Trust; to consent to any contract, lease, mortgage, purchase or sale of property by such corporation or issuer; and to pay calls or subscriptions with respect to any security held in the Trust;

(g) To join with other security holders in acting through a committee, depositary, voting trustee or otherwise, and in that connection to deposit any security with, or transfer any security to, any such committee, depositary or trustee, and to delegate to them such power and authority with relation to any security (whether or not so deposited or transferred) as the Trustees shall deem proper, and to agree to pay, and to pay, such portion of the expenses and compensation of such committee, depositary or trustee as the Trustees shall deem proper;

(h) To compromise, arbitrate or otherwise adjust claims in favor of or against the Trust or any matter in controversy, including but not limited to claims for taxes;

(i) To enter into joint ventures, general or limited partnerships and any other combinations or associations;

(j) To borrow funds or other property in the name of the Trust exclusively for Trust purposes;

(k) To endorse or guarantee the payment of any notes or other obligations of any person; to make contracts of guaranty or suretyship, or otherwise assume liability for payment thereof;

(l) To purchase and pay for entirely out of Trust property such insurance as they may deem necessary or appropriate for the conduct of the business, including, without limitation, insurance policies insuring the assets of the Trust or payment of distributions and principal on its portfolio investments, and insurance policies insuring the Shareholders, Trustees, officers, employees, agents, investment advisers, principal underwriters, or independent contractors of the Trust, individually against all claims and liabilities of every nature arising by reason of holding, being or having held any such office or position, or by