*SUPPLEMENTAL ADDENDUM J*

Prohibition on the Use of Brokerage Commissions to FinanceDistribution
File No. S7-09-04

SECURITIES AND EXCHANGE COMMISSION

Release No. IC-26356; 17 CFR Part 270; RIN 3235-AJ07

2004 SEC LEXIS 418

February 24, 2004

CORE TERMS: brokerage, broker, selling, adviser, shareholder, portfolio, broker-dealer, load, entity, dealer, collection, execute, finance, disclosure, estimate, staff, Act Release, executing, annual, underwriter, conflicts of interest, revenue sharing, financing, selecting, compensate, mutual fund, ban, mutual funds, asset-based, NASD Conduct Rule

ACTION:
[*1] Proposed rule.

TEXT: SUMMARY: The Securities and Exchange Commission is publishing for comment amendments to the rule under the Investment Company Act of 1940 that governs the use of assets of open-end management investment companies ("funds") to distribute their shares. The amended rule would prohibit funds from paying for the distribution of their shares with brokerage commissions. The proposed amendments are designed to end a practice that is fraught with conflicts of interest and may be harmful to funds and fund shareholders.

DATES: Comments must be received on or before May 10, 2004.

ADDRESSES: To help us process and review your comments more efficiently, comments may be sent to us in either paper or electronic format. Comments should not be sent by both methods. Comments in paper format should be submitted in triplicate to Jonathan G. Katz, Secretary, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0609. Comments in electronic format may be submitted to the following e-mail address: rule-comments£sec.gov. All comment letters should refer to File No. S7-09-04; if e-mail is used, this file number should be included on the subject line. Comment[*2] letters will be available for public inspection and copying in the Commission's Public Reference Room, 450 Fifth Street, NW, Washington, DC 20549. Electronically submitted comment letters will also be posted on the Commission's Internet web site (http://www.sec.gov). n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 We do not edit personal or identifying information, such as names or e-mail addresses, from electronic submissions. Submit only information you wish to make publicly available.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

FOR FURTHER INFORMATION CONTACT: Hester Peirce, Senior Counsel, or Penelope W. Saltzman, Senior Counsel, at (202) 942-0690, Office of Regulatory Policy, Division of Investment Management, Securities and Exchange Commission, 450 Fifth Street, NW, Washington, DC 20549-0506.

money manager to consider benefits derived by other accounts he manages when determining the reasonableness of commissions an account is paying).
[*13]

n18 *15 U.S.C. 80a-12*(b).

n19 Investment Trusts and Investment Companies, Hearings on H.R. 10065 Before a Subcomm. of the House Comm. on Interstate and Foreign Commerce, 76th Cong., 3d Sess. 112 (1940) (statement of David Schenker).

n20 Rule 12b-1(b).

n21 Bearing of Distribution Expenses by Mutual Funds, Investment Company Act Release No. 11414 (Oct. 28, 1980) [*45 FR 73898* (Nov. 7, 1980)] ("1980 Adopting Release").

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Rule 12b-1 does not itself limit the amount of distribution costs that a fund can assume, nor does it explicitly address the extent to which fund brokerage can be used to reward brokers for promoting the sale of fund shares. Two NASD rules address these matters.

First, NASD Conduct Rule 2830(d) prohibits NASD members (i.e., broker-dealers) from selling shares of funds that impose excessive sales charges. n22 The rule deems a sales charge to be excessive if it exceeds the rule's caps. A fund's sales load (whether charged at the time of purchase or redemption) may not exceed 8.5 percent of the offering[*14] price if the fund does not charge a rule 12b-1 fee. n23 The aggregate sales charges of a fund with a rule 12b-1 fee may not exceed 7.25 percent of the amount invested, n24 and the amount of the asset-based sales charge (the rule 12b-1 fee) may not exceed 0.75 percent per year of the fund's average annual net assets. n25 Under the cap, therefore, an increase in the fund's sales load could reduce the permissible level of payments a selling broker may receive in the form of 12b-1 fees. The NASD designed the rule so that cumulative charges for sales-related expenses, no matter how they are imposed, are subject to equivalent limitations. n26

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n22 NASD Conduct Rule 2830 (Investment Company Securities). Paragraph (d) (Sales Charge) prohibits members from selling the shares of a fund "if the sales charges described in the prospectus are excessive."

n23 NASD Conduct Rule 2830(d)(1)(A). If the fund also charges a service fee, the maximum aggregate sales charge may not exceed 7.25% of the offering price. NASD Conduct Rule 2830(d)(1)(D).