# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Theodore M. Hess-Mahan
Christine E. Morin
Todd. S. Heyman
Matthew L. Tuccillo
Lara A. Sutherlin

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

November 4, 2004

Hon. Mark L. Wolf
United States District Judge
United States District Court
1 Courthouse Way
Boston, Massachusetts 02210

> Re:   *Bahe v. Franklin/Templeton Distributors, Inc., et al.*
>        No. 04-11195-MLW

Dear Judge Wolf:

On October 29, 2004, the parties in the above-referenced action filed a Stipulation, pursuant to which the claims against the Defendants Crohn, Greenwald, Rubens and Rubin would be dismissed without prejudice. Accordingly, the Stipulation renders moot the Motion to Dismiss filed by Messrs. Crohn, Greenwald, Rubens and Rubin (Docket No. 13).

In the Stipulation, the remaining Defendants, Franklin/Templeton Distributors, Inc. ("Distributors") and William J. Lippman, waived their argument that the state law breach of fiduciary duty claims set forth in Counts II and III of the Complaint should be dismissed because the Plaintiff did not make pre-suit demand. Furthermore, Lippman waived his arguments that this Court has no personal jurisdiction over him and that venue is not proper in this Court. Those were the only bases on which Distributors and Lippman sought dismissal of Counts II and III of the Complaint. Accordingly, the Defendants Distributors and Lippman no longer seek dismissal of Counts II and III of the Complaint, and their motion to dismiss those Counts is moot.

The only issue that remains before Your Honor is the motion of the Defendant Distributors to dismiss the claim against it in Count I of the Complaint under Section 36(b) of the Investment Company Act.

Under these circumstances, a substantial portion of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss (Docket No. 24) is not relevant to the remaining

SHAPIRO HABER & URMY LLP

Hon. Mark L. Wolf
November 3, 2004
Page 2


issue before the Court.  I write to advise Your Honor that the portions of Plaintiff's Memorandum which remain relevant to the Defendant Distributors' Motion to Dismiss Count I of the Complaint are:

- the Introduction (pp. 1-3),

- the section entitled "An Overview of Rule 12b-1" (pp. 20-22),

- the first three paragraphs of the section entitled "There Is A Significant Prospect That The Trustee Defendants Will Be Adjudged Liable To The Fund ..." (pp. 22-24),

- the section entitled "NASD Rule 2830 Does Not Predetermine That The Rule 12b-1 Distribution Fees Are Not Excessive Under All Of The Circumstances And Does Not Regulate Or Govern The Conduct Of The Trustee Defendants In Any Way" (pp. 26-28),

- Exhibit A to Plaintiff's Memorandum, which is a copy of SEC Rule 12b-1, and

- Exhibit B, which is a copy of the decision in *Pfiffer v. Bjurman, Barry & Associates*, discussed at pp. 26-28 of Plaintiff's Memorandum.

Finally, please be advised that the Declaration of Rose Alappat In Opposition to Defendants' Motion to Dismiss, and the exhibits thereto, are not relevant to the Defendant Distributors' Motion To Dismiss Count I of the Complaint.

If it would be more convenient for Your Honor, we would be pleased to file a substituted Memorandum addressing only the Defendant Distributors' Motion To Dismiss Count I of the Complaint.  Please advise us if you would like us to do so.

Respectfully,

Edward F. Haber

EFH:lg

cc:    Daniel Pollack, Esq.
       James S. Dittmar, Esq.