UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC R. BAHE, Custodian, CGM Roth Conversion IRA,

        Plaintiff,

v.

FRANKLIN/TEMPLETON DISTRIBUTORS, INC., and WILLIAM J. LIPPMAN,

        Defendants, and

FRANKLIN BALANCE SHEET INVESTMENT FUND,

        Nominal Defendant.

Civil Action No.  04-11195 (MLW)

**JOINT STATEMENT AND PROPOSED SCHEDULING ORDER
PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), attorneys for the Plaintiff Eric R. Bahe, and the Defendants Franklin/Templeton Distributors, Inc. and William J. Lippman conferred via telephone on November 19, 2004.  This telephonic meeting was conducted by:

| | |
|---|---|
| For Plaintiff Eric R. Bahe: | Edward F. Haber<br>Shapiro Haber & Urmy LLP<br>Exchange Place<br>53 State Street, 37th Fl.<br>Boston, MA 02109<br>(617) 439-3939 |
| For Defendants Franklin/<br>Templeton Distributors,<br>Inc. and William J. Lippman: | Edward T. McDermott<br>Pollack & Kaminsky<br>114 West 47th Street, Suite 1900<br>New York, NY 10036<br>Tel: (212) 575-4700 |

The parties hereby submit the following Joint Statement, pursuant to Local Rule 16.1(D).

1. <u>Matters to be Discussed at Scheduling Conference.</u> The parties will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A):

   a. A proposed pre-trial schedule for the case that includes the plan for discovery and deadlines;

   b. Anticipated dispositive and pre-trial motions;

   c. Alternative Dispute Resolution; and

   d. Settlement.

2. <u>Schedule for Discovery.</u>

Counsel for the parties do not agree as to the appropriate timetable for discovery. Their respective positions are set forth in the table below.

   a. <u>Automatic Disclosures.</u> The Plaintiff produced his Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 on November 18, 2004. The Defendants will produce their own Statement of Initial Disclosures on or before November 23, 2004. The parties will be producing the documents described therein within the time required by those rules, subject to extensions agreed to by the parties.

   b. <u>Discovery and Motion Schedule.</u>

The parties' proposed timetables for completing the various phases of discovery and serving and filing various discovery-related and dispositive motions are as follows:

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **FACT DISCOVERY**<br><br>The parties agree that all deposition notices and subpoenas, and all discovery requests with the exception of requests for admission, must be served with sufficient time for compliance no later than the specified deadline for the completion of fact discovery.<br><br>**Motions to Compel Discovery** | The Plaintiff proposes that Fact Discovery shall be completed by June 30, 2005.<br><br><br><br><br><br><br><br>The parties agree that any motions to compel fact discovery should be served no later than twenty (20) days after the close of fact discovery. | Subject to the Court ruling on whether discovery is appropriate in light of the pending dispositive motion(s),[1] the Defendants propose the following discovery schedule:<br><br>The Defendants propose that Fact Discovery shall be completed by December 1, 2005.<br><br>The parties agree that any motions to compel fact discovery should be served no later than twenty (20) days after the close of fact discovery. |

---

[1] If the Court grants the pending motion to dismiss the federal claim, in Count I, Defendants will move to dismiss the remainder of the Complaint for lack of subject matter jurisdiction, specifically the absence of diversity jurisdiction.

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **IDENTIFICATION OF EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2).** | Plaintiff proposes that Plaintiff's expert reports shall be served no later than August 15, 2005, which is 45 days after the completion of fact discovery.<br><br>The parties agree that Defendant's expert reports shall be served within thirty (30) days of service of Plaintiff's expert reports. | Defendants propose that Plaintiff's expert reports shall be served no later than January 15, 2006, which is 45 days after the completion of fact discovery.<br><br>The parties agree that Defendant's expert reports shall be served within thirty (30) days of service of Plaintiff's expert reports. |
| **IDENTIFICATION OF REBUTTAL EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | The parties agree that Plaintiff's rebuttal expert disclosures shall be served no later than twenty (20) days after service of Defendant's expert reports. | The parties agree that Plaintiff's rebuttal expert disclosures shall be served no later than twenty (20) days after service of Defendant's expert reports. |
| **EXPERT DEPOSITIONS** | The Plaintiff proposes that expert depositions shall be completed by November 15, 2005. | The Defendants propose that expert depositions shall be completed by May 1, 2006. |
| **SUMMARY JUDGMENT** | The Plaintiff proposes that any motions for summary judgment and supporting papers shall be filed and served no later than December 15, 2005, with oppositions to be filed and served no later than January 31, 2006, and any reply to be filed and served no later than February 28, 2006. | The Defendants propose that any motions for summary judgment and supporting papers shall be filed and served no later than June 1, 2006, with oppositions to be filed and served no later than July 15, 2006, and any reply to be filed and served no later than August 15, 2006. |

4

3. <u>Discovery Limits.</u> The parties have agreed that they will be able to effectively conduct discovery within the limits set forth in Local Rule 26.1(C). Notwithstanding the parties' agreement at this time to conduct discovery within the limits of LR 26.1(C), the parties reserve their rights to seek by motion additional discovery, for good cause shown, if it is later determined that such discovery is necessary.

4. <u>Settlement.</u> Pursuant to Local Rule 16.1(C), Plaintiff will tender a written settlement proposal to Defendant no later than ten (10) days prior to the Scheduling Conference to be held pursuant to Local Rule 16.1(A). Defendants' counsel will be prepared to respond to the settlement proposal at the Scheduling Conference.

5. <u>Trial by Magistrate Judge.</u> At this time, neither party is prepared to consent to trial by a Magistrate Judge.

6. <u>Budget and Alternative Dispute Resolution.</u> Counsel for the parties have conferred with their respective clients concerning establishing a budget for litigation and the use of Alternative Dispute Resolution ("ADR"). At this juncture, the parties are not interested in ADR. The parties have agreed to consider mediation on an ongoing basis as an option for the resolution of this matter. The parties have attached their certifications required pursuant to Local Rule 16.1(D)(3).

7. <u>Modification of Schedule.</u> The parties agree that all dates set forth herein may be modified by written agreement of the parties approved by the Court, or upon Order of the Court for good cause shown.

Dated: November 19, 2004

| | |
|---|---|
| Plaintiff Eric R. Bahe<br>by his Attorneys, | For Defendants Franklin/Templeton<br>Distributors, Inc. and William J. Lippman<br>by their Attorneys |
| s/s Edward F. Haber | s/s Daniel A. Pollack |
| Edward F. Haber (BBO No. 215620)<br>Christine E. Morin (BBO No. 600237)<br>Shapiro Haber & Urmy LLP<br>53 State Street<br>Boston, MA 02109<br>Tel. (617) 439-3939 | Daniel A. Pollack<br>Martin I. Kaminsky<br>Edward T. McDermott<br>Anthony Zaccaria<br>Pollack & Kaminsky<br>114 West 47th Street<br>Suite 1900<br>New York, NY 10036<br>Tel: (212) 575-4700 |
| Robert C. Schubert, Esq.<br>Juden Justice Reed, Esq.<br>Schubert & Reed, LLP<br>Two Embarcadero Center<br>Suite 1660<br>San Francisco, CA 94111<br>Tel: (415) 788-4220 | |