UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC R. BAHE, Custodian, CGM Roth Conversion IRA,<br><br>                                            Plaintiff,<br><br>v.<br><br>FRANKLIN/TEMPLETON DISTRIBUTORS, INC., and WILLIAM J. LIPPMAN,<br><br>                              Defendants, and<br><br>FRANKLIN BALANCE SHEET INVESTMENT FUND,<br><br>                              Nominal Defendant. | Civil Action No. 04-11195 (MLW) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now comes the Plaintiff in the above referenced action and he hereby moves, pursuant to Local Rule 7.1(B)(3), that this Court grant him leave to file the accompanying Plaintiff's Supplemental Submission in Opposition to the Defendants' Motion to Dismiss (the "Supplemental Submission"), in order to bring to the attention of the Court the January 19, 2005 decisions of the United States District Court for the Southern District of Texas in *Zucker v. Aim Advisors, Inc.*, No. H-03-5653 ("*Aim*") and *Lieber v. Invesco Funds Group, Inc.*, No. H-03-5744 ("*Invesco*"). The *Aim* and *Invesco* decisions are directly on point with respect to the only argument advanced by the Defendants in support of their motion to dismiss – that the Rule 12b-1 distribution fees at issue in this case cannot support plaintiff's claim under Section 36(b) of the Investment Company Act of 1940 because the annual percentage of the Fund's assets charged for those fees does not exceed the maximum permitted by NASD Rule 2830.

The Court in *Aim* and *Invesco* expressly rejected that <u>identical</u> argument, holding that: "Defendants misconstrue Rule 2830 . . . Rule 2830 is designed not to preempt §36(b) . . . Although compliance with Rule 2830 is necessary, it is not necessarily sufficient to insulate one from §36 liability . . .  Defendants' argument that compliance with Rule 2830 precludes §36 liability, is unavailing."  *Aim* at 10-11, *Lieber* at 10-11.

Accordingly, this motion should be allowed, so this Court will have the benefit of the on point decisions of the Court in *Aim* and *Invesco,* copies of which are Exhibits to the Supplemental Submission.

Dated: January 25, 2005

                                            Respectfully submitted by the attorneys for the Plaintiff,

/s/Edward F.  Haber
Edward F. Haber (BBO No. 215620)
Theodore M. Hess-Mahan (BBO No. 557109)
Christine E.  Morin (BBO No.  600237)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Tel.  (617) 439-3939
Fax (617) 439-0134

**OF COUNSEL:**

Robert C. Schubert, Esq.
Schubert & Reed LLP
Two Embarcadero Center
Suite 1660
San Francisco, CA 94111
(415) 788-4220

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

  I, Edward F. Haber, counsel for the Plaintiff, hereby certify that on January 24, 2005, I conferred by telephone with Daniel A. Pollack, counsel for the Defendants, with respect to this motion, and we were not able, in good faith, to resolve the issue raised by this motion.

                /s/Edward F. Haber