UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC R. BAHE, Custodian, CGM Roth Conversion IRA,<br>          Plaintiff,<br><br>v.<br><br>FRANKLIN/TEMPLETON DISTRIBUTORS, INC., and WILLIAM J. LIPPMAN,<br><br>         Defendants, and<br><br>FRANKLIN BALANCE SHEET INVESTMENT FUND,<br>         Nominal Defendant. | Civil Action No. 04-11195 (MLW) |

**PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now comes the Plaintiff, Eric Bahe, in the above-referenced action and he respectfully makes this supplemental submission in order to bring to the attention of the Court the January 19, 2005 decisions of the United States District Court for the Southern District of Texas in *Zucker v. Aim Advisors, Inc.*, No. H-03-5653 ("*Aim*") and *Lieber v. Invesco Funds Group, Inc.*, No. H-03-5744 ("*Invesco*"), copies of which are attached hereto as Exhibits A and B.

The *Aim* and *Invesco* decisions are directly on point with respect to the only argument advanced by the Defendants in support of their motion to dismiss – that the Rule 12b-1 distribution fees at issue in this case cannot support plaintiff's claim under Section 36(b) of the Investment Company Act of 1940 because the annual percentage of the Fund's assets charged for those fees does not exceed the maximum permitted by NASD Rule 2830.

That <u>identical</u> argument was advanced by the defendants in *Aim* and *Invesco* in support of their motions to dismiss.[1] The Court in *Aim* and *Invesco* rejected that argument, holding as follows:

> Defendants point out that NASD Rule 2830 was promulgated pursuant to §22 of the ICA, which authorizes the NASD to prescribe rules prohibiting its members from offering or selling to the public mutual fund shares that include an excessive sales load... Because §22(b)(3) contains a supremacy clause, Defendants argue, compliance with Rule 2830 constitutes a complete defense to §36(b) . . .
>
> Defendants misconstrue Rule 2830. Although promulgated pursuant to ICA §22, Rule 2830 is designed not to preempt §36(b), but merely to limit sales charges imposed by NASD members under Rule 12b-1. The SEC has explained that "Rule 12b-1 was not intended to provide a 'safe harbor' from section 36 liability." *See* 53 Fed. Reg. 23,258, 23,272 n. 128 (Jun. 21, 1988); *see also* <u>Meyer v. Oppenheimer Mgmt. Corp.</u>, 764 F.2d 76, 82 (2d Cir. 1985) ("[I]n proposing Rule 12b-1, the SEC emphasized that the Rule was not intended 'to reduce or limit in any way' the fiduciary duties imposed by section 36(b).") (citation omitted). Given that Rule 12b-1 does not create a "safe harbor" from §36 liability, the proposition that NASD rules regulating conduct under Rule 12b-1 can themselves narrow the scope of §36 liability is not persuasive. Indeed, Rule 2830 does not purport to do so. Rule 2830 essentially places a cap on Rule 12b-1 sales charges: "[t]he rule deems a sales charge excessive if it exceeds the rule's caps." *See* 69 Fed. Reg. 9726, 9727 (Mar. 1, 2004). It does not follow, however, that if charges conform to Rule 2830, they are *not* excessive for purposes of §36. Although compliance with Rule 2830 is necessary, it is not necessarily sufficient to insulate one from §36 liability. *See* <u>Pfeiffer v. Bjurman, Barry & Assocs</u>., CIV.A. No. 03 Civ. 9741 DLC, 2004 WL 1903075, at *5 (S.D.N.Y. Aug. 26, 2004) (rejecting argument

---

[1] This is not a coincidence. The Defendants at bar and the Defendants in *Aim* and *Invesco* are represented by the same attorneys.

> that 12b-1 fees less than the maximum permitted by the SEC are per se reasonable).
>
> Thus, Defendants' argument that compliance with Rule 2830. . . precludes §36 liability, is unavailing.  Should Plaintiff succeed in showing that the 12b-1 fees paid by the Funds were excessive in comparison to services rendered by the Advisors, Defendants will not be able to argue that they did not breach the fiduciary duties imposed by §36 and/or state law (or commit corporate waste) simply because those fees were within the limit imposed by Rule 2830.

(*Aim* at 9 -11; *Invesco* at 10 - 12).

The *Aim* and *Invesco* decisions are on point authority rejecting the only argument advanced by the Defendants at bar in seeking dismissal of the Complaint.  The analysis, reasoning and conclusion of the Court in *Aim* and *Invesco* are sound and persuasive, and should be followed by this Court.  Accordingly, the Defendants' Motion to Dismiss should be denied.

Dated: January 25, 2005

                                                          Respectfully submitted by the attorneys for the Plaintiff,

/s/Edward F.  Haber
Edward F. Haber (BBONo. 215620)
Theodore M. Hess-Mahan
(BBO No. 557109)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
Tel.  (617) 439-3939
Fax (617) 439-0134

OF COUNSEL:

Robert C. Schubert, Esq.
Schubert & Reed LLP
Two Embarcadero Center
Suite 1660
San Francisco, CA 94111
(415) 788-4220