UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                )
Eric R. Bahe, Custodian, CGM Roth              )
Conversion IRA,                                              )
                                                                )
                    Plaintiff,                             )
                                                                )   Civil Action No.
               -against-                             )   04-11195 (MLW)
                                                                )
Franklin/Templeton Distributors, Inc.           )
and William J. Lippman,                              )
                                                                )
                    Defendants,                          )
        -and-                                             )
                                                                )
Franklin Balance Sheet Investment Fund,    )
                                                                )
                    Nominal Defendant.            )
_____)

**ANSWER OF FRANKLIN/TEMPLETON DISTRIBUTORS, INC.
AND WILLIAM J. LIPPMAN TO THE COMPLAINT**

     Defendants Franklin/Templeton Distributors, Inc. and William J. Lippman[1], deny each and every allegation in the Complaint unless expressly admitted or otherwise responded to as follows:

| Paragraph of Complaint | Response |
|---|---|
| 1 | Deny, except assert that Plaintiff brings a derivative action on behalf of the Franklin Balance Sheet Investment Fund (the "Fund"). |

---

[1] Certain individuals — Messrs. Frank T. Crohn, Burton J. Greenwald, Charles Rubens II and Leonard Rubin — named in the Complaint as defendants are no longer defendants, pursuant to the Stipulation granted by the Court on November 5, 2004.

| | |
|---|---|
| 2 | Deny, except assert that Plaintiff alleges that this action is brought pursuant to § 36(b) of the Investment Company Act ("ICA") and the common law of the Commonwealth of Massachusetts. |
| 3 | Decline to respond to allegations of law. |
| 4 | Deny, except admit that venue is proper in this district. |
| 5 | Deny. |
| 6 | Deny knowledge or information sufficient to form a belief as to the truth of the allegations. |
| 7-12 | Admit. |
| 13 | Deny, except admit that Mr. Lippman is and has been a Trustee of the Trust since 1989, President of Franklin Advisory and its predecessor since 1989, Chief Executive Officer – Investment Management of Franklin Advisory since 2002, and a resident of the State of New Jersey. |
| 14-15 | Admit and further assert that Messrs. Crohn, Greenwald, Rubens II and Rubin are no longer defendants pursuant to the Stipulation granted by the Court November 5, 2004. |
| 16 | Deny, except admit that the Board of Trustees of the Fund consists of six Trustees. |
| 17 | Admit. |

| | |
|---|---|
| 18 | Deny, and respectfully refer to the document referenced therein for its contents. |
| 19-21 | Decline to respond to allegations of law. |
| 22 | Deny, except admit that Messrs. Crohn, Greenwald, Rubens, Rubin and Robert Wade currently serve as Trustees to the Fund. |
| 23 | Decline to respond to allegations of law. |
| 24 | Admit. |
| 25-26 | Decline to respond to allegations of law. |
| 27 | Admit. |
| 28 | Deny. |
| 29 | Deny, except admit the allegations in the first sentence of the paragraph. |
| 30 | Admit. |
| 31 | Admit that plaintiff refers to the designated period as the "Closed to New Investors Period." |
| 32-33 | Decline to respond to allegations of law, and respectfully refer to Rule 12b-1 for its contents. |
| 34 | Deny. |

| | |
|---|---|
| 35 | Deny, except admit that a Rule 12b-1 Plan for each class has been enacted and respectfully refer to those Plans for their contents. |
| 36 | Admit. |
| 37 | Deny, except admit that the Fund entered into an agreement with Defendant Franklin/Templeton Distributors, Inc. as to 12b-1 fees and refer to that agreement for its terms. |
| 38 | Admit. |
| 39 | Decline to respond to allegations of law, and respectfully refer to the agreement and 12b-1 Plans for their contents. |
| 40-41 | Admit. |
| 42 | Deny, except admit that the Fund, pursuant to 12b-1 plans, has been charged and paid various fees and refers to those 12b-1 plans for their contents. |
| 43-50 | Deny. |
| 51 | Deny, and respectfully refer to the Statement of Additional Information for its contents. |
| 52 | Decline to respond to allegations of law. |
| 53-56 | Deny. |
| 57 | Deny, except decline to respond to allegations of law in the first sentence of the paragraph. |

| | |
|---|---|
| 58-61 | Deny. |
| 62 | Deny, except admit that Plaintiff brings this action as a derivative action on behalf of the Fund. |
| 63 | Deny. |
| 64 | Deny, except admit that Plaintiff brings this action on behalf of the Fund and declines to respond to allegations of law in the second sentence of the paragraph. |
| 65 | Deny, except admit that Plaintiff brings this action on behalf of the Fund. |
| 66 | Decline to respond to allegations of law. |
| 67-73 | Deny. |
| 74 | Deny, except admit that Plaintiff has not made demand on the Board of Trustees and there are many shareholders. |
| 75 | Repeat and reallege responses to the paragraphs incorporated by reference in the paragraphs therein. |
| 76-78 | Deny. |
| 79 | Repeat and reallege responses to the paragraphs incorporated by reference in the paragraphs therein. |
| 80-81 | Deny. |

5

82              Repeat and reallege responses to the paragraphs incorporated by reference in the paragraphs therein.

83-84           Deny.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The challenged fees are fair and not so disproportionately large in relation to the services rendered that they bear no reasonable relationship to the services rendered.

### Third Affirmative Defense

Plaintiff lacks standing to bring the claims asserted.

### Fourth Affirmative Defense

A majority of the disinterested Trustees approved the challenged fees.

### Fifth Affirmative Defense

Plaintiff, by purchasing shares of a particular Fund and reinvesting, agreed with, accepted, endorsed and otherwise approved the level of challenged fees. Accordingly, Plaintiff is estopped and otherwise barred from complaining about those fees.

### Sixth Affirmative Defense

The 12b-1 fees, as calculated, are expressly permitted by the National Association of Securities Dealers Rule 2830 and Section 22(b) of the ICA.

### Seventh Affirmative Defense

Plaintiff lacks standing to challenge payment of 12b-1 fees with respect to any class of shares other than the class of shares which he owns.

### Eighth Affirmative Defense

The claims are barred in whole or in part by the applicable statutes of limitation.

### Ninth Affirmative Defense

The ICA prohibits recovery of any damages allegedly incurred prior to one year before this action was instituted.

### Tenth Affirmative Defense

Defendants fully and timely disclosed all relevant information regarding the challenged advisory and distribution fees.

### Eleventh Affirmative Defense

Plaintiff knew, or in the exercise of reasonable care, should have known, all of the relevant information concerning the challenged advisory and distribution fees. In addition, he was free at all relevant times to sell the shares he owned in the Fund. Accordingly, his claims are barred.

### Twelfth Affirmative Defense

Defendants were not recipients of the challenged 12b-1 fees and, thus, are not liable under § 36(b)(3).

### Thirteenth Affirmative Defense

Factors other than the alleged actions by the defendants caused some or all of the alleged damages.

**Fourteenth Affirmative Defense**

Plaintiff would be unjustly enriched if he were allowed to recover in this action.

**Fifteenth Affirmative Defense**

Defendants reserve the right to later assert additional as yet unidentified defenses which may be revealed by further investigation or through discovery.

Wherefore, defendants Franklin/Templeton Distributors, Inc. and William J. Lippman demand judgment dismissing the Complaint and awarding them their costs, attorneys' fees and such other and further relief as this Court deems just and proper.

Dated:  April 11, 2005

POLLACK & KAMINSKY

by      /s/    Daniel A. Pollack
        Daniel A. Pollack
        Edward T. McDermott
        Anthony Zaccaria

114 West 47th Street
New York, New York 10036
Tel.  (212) 575-4700
Fax   (212) 575-6560

*Attorneys for Defendants Franklin/Templeton Distributors, Inc. and William J. Lippman*