**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ERIC R. BAHE, Custodian, CGM Roth
Conversion IRA,

$\qquad$ Plaintiff,

v.

FRANKLIN/TEMPLETON DISTRIBUTORS,
INC., and WILLIAM J. LIPPMAN,

$\qquad$ Defendants, and

FRANKLIN BALANCE SHEET INVESTMENT
FUND,

$\qquad$ Nominal Defendant.

Civil Action No. 04-11195 (MLW)

**MEMORANDUM OF LAW REGARDING**
**NOTICE PURSUANT TO RULE 23.1 F. R. CIV. P.**

**I.      PRELIMINARY STATEMENT**

Pursuant to this Court's directive to the parties at the Status Conference held on

June 13, 2006, Plaintiff respectfully submits this memorandum of law addressing the notice

requirements under Rule 23.1, F. R. Civ. P.

**II.      BACKGROUND**

On May 4, 2006, the parties filed a joint Stipulation of Dismissal pursuant to Fed. R.

Civ. P. 41(a)(ii), dismissing this derivative action "with prejudice to the Plaintiff, Eric R.

Bahe, Custodian, CGM Roth Conversion IRA, and without prejudice to the Nominal

Defendant Franklin Balance Sheet Investment Fund  [(the "Fund")], and any shareholders

of   [the "Fund"] other than the Plaintiff, Eric R. Bahe, Custodian, CGM Roth Conversion

IRA, and without costs to any party ...."  Rule  41(a)(ii) Stipulation of Dismissal (Docket

No. 53).  In a letter to the Court of the same date, Plaintiff's counsel advised this Court of

the reasons for the parties agreement to dismissal with prejudice of Plaintiff's claims:

> Mr. Bahe's decision to dismiss this action was based, in large measure, on the Opinion of Judge Woodlock in Yameen v. Eaton Vance Distributors, 394 F.Supp.2d 350 (D.Mass. 2005), which involved claims identical to those asserted here, and which resulted in a dismissal, with prejudice.  We are persuaded, after careful analysis, that the plaintiff would be very unlikely to prevail in this case, in light of Judge Woodlock's decision in Yameen.
>
> Subject to approval of this Stipulation, Defendants have agreed to pay my Firm $100,000 in fees and expenses (which is less than half of my firm's lodestar).  Neither Plaintiff nor Defendants believe that any notice to shareholders is required or appropriate here because the Stipulation of Dismissal is with prejudice only as to the plaintiff Bahe and, in any event, notice is not required in an action under § 36(b) of the Act, which is one of the claims here.  See Kamen v. Kemper Financial Services, Inc., 908 F.2d 1338, 1348 (7th Cir. 1990), cert. den. on this question, 498 U.S. 999 (1990).

Letter to Hon. Mark L. Wolf from Edward F. Haber dated May 4, 2005 (a copy of which is

attached hereto as Exhibit A).

At a status conference held on June 13, 2006 (the "Status Conference"), the Court

declined to approve the Stipulation of Dismissal of Plaintiff's derivative action, questioning

whether under Rule 23.1 the Court could do so without notice being given to shareholders

of the Fund.  The Court then directed the parties to file a memorandum of law proposing

a method for notifying the shareholders of the Fund.

For the reasons discussed more fully below, Plaintiff respectfully submits that

publishing a notice of the proposed dismissal to the Fund's shareholders in the *Investors'*

*Business Daily*, a widely-circulated national business-oriented publication, is sufficient

under Rule 23.1 where, as here, the costs of providing individual notice would be very

expensive.  Plaintiff respectfully requests that this Court enter an order approving the

Stipulation of Dismissal of this Action, with notice by publication, substantially in the form attached hereto as Exhibit B, in the *Investors' Business Daily*.

## III.    ARGUMENT

When a Court determines that notice should be provided under Rule 23.1, the court has discretion as to the manner of notice. *See* Fed. R. Civ. P. 23.1 ("notice of the proposed dismissal or compromise of the action shall be given to shareholders . . . *in such manner as the court directs*" (emphasis added)).  Plaintiff's counsel is advised that there are 86,460 registered beneficial shareholders of the Fund as well as 32,400 financial advisors who represent beneficial owners of the Fund, and that the cost of printing and mailing notice would be $56,205.45. *See* Affidavit of David Goss.  This would be unduly burdensome and expensive in light of Plaintiff's counsel's conclusion that the case lacks merit in light of Judge Woodlock's decision in *Yameen.*  In contrast, the cost to publish the notice attached hereto as Exhibit B in the *Investors' Business Daily* would be only $1,685.40. *See* Declaration of Carmen Iguina.  Where, as here, the cost of providing individual notice to shareholders and financial advisors would be unduly burdensome and expensive, courts have found that notice by publication is sufficient.  *See* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane*, Federal Practice & Procedure* §1839 (Supp. 2006). §1839;  *Fistel v. Christman*, 133 F.Supp. 300,  302 & n.1 (S.D.N.Y 1955) (court ordered notice to be served on the Securities and Exchange Commission and to be given to stockholders by publishing notice once in the *New York Times*).  In *Pottish v. Divak*, 71 F.Supp. 737, 739-40 (S.D.N.Y 1947), where the court found the cost of mailing notice of a proposed settlement to thousands of stockholders involved would be prohibitive, it ordered individual notice to the corporation's directors and that notice to other stockholders be given by newspaper

3

publication.  In so ruling, the Court found:

> It would cost too much in this case to mail a notice to the thousands of stockholders of the Reis Co.

*Id.* at 739-40 (emphasis added).[1]  *See also  Ross v. Warner*, 80 F.R.D. 90, 92 ( S.D.N.Y. 1978).  Indeed, some courts have approved providing notice by publication in newspapers without explicitly finding that the cost of mailing individual notice would be burdensome.  *United National Tire Fund v. Watts*, No. Civ.A. 04CV3603DMC, 2005 WL 2877899, at *1, *3 (D.N.J. 2005) (court approved notice of settlement of derivative action by newspaper publication); *In re New York City Municipal Securities Litigation*, 87 F.R.D. 572, 581 (S.D.N.Y. 1980) (court ordered notice of proposed dismissal of certain absent class members from action to be given by newspaper publication).

With respect to the proposed manner of notice, Plaintiff requests that this Court approve the publication of a notice of the proposed dismissal of this action, in a form substantially identical to Exhibit B attached hereto, in *Investors' Business Daily*, a nationally circulated, business-oriented publication.  *See* Declaration of Carmen Iguina.  Courts have regularly held that publication of notice in *Investors' Business Daily* constitutes sufficient notice to members of a class.  *See Marsden v. Select Medical Corp.*, No. Civ. A. 04-4020, 2005 WL 113128, at *5 (E. D. Pa. Jan. 18, 2005) (publication in *Investors' Business Daily*

---

[1]  Cases involving notice of dismissal of derivative cases prior to the adoption of Rule 23.1 in 1966, as well as cases involving application of the analogous notice provisions of Rule 23 to nonderivative cases, should be considered authoritative.  *See Federal Practice & Procedure* §1839 ("Notice and court approval were first required for both class actions and derivative suits in the original version of Rule 23(c).  Both types of action were governed by the same provision and no distinction was drawn between them.  In 1966, derivative and class suits were accorded separate treatment under Rule 23(e) and the notice and court approval prerequisites for derivative actions have been preserved unchanged in Rule 23.1.  Thus, cases involving derivative suits decided prior to 1966 should be considered authoritative for purposes of applying Rule 23.1.  In addition, cases involving dismissal or compromise under Rule 23(e) of nonderivative class actions also are relevant by analogy.")

satisfies PSLRA notice requirement); *In re Independent Energy Holdings PLC*, No. 00 Civ. 6689(SAS) 2003 WL 22990086, at *6 (S.D.N.Y. Dec. 18, 2003) (same); *Seamans v. Aid Auto Stores, Inc.*, No. 98-CV-7395, 2000 WL 33769023, at *4 (E.D.N.Y. Feb. 15, 2000) (same, citing cases); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *4 (N.D.Ill. Aug. 11, 1997) (same). Such notice would be a much less expensive yet effective manner of reaching shareholders of the Fund who might have an interest in objecting to dismissal of this action. As noted above, mailing individual notice to the Fund's shareholders would cost $56,205.45; in contrast, the cost of publishing the notice attached hereto as Exhibit B in the *Investors' Business Daily* would be only $1,685.40.

## IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court approve the Stipulation of Dismissal of this Action, with prejudice *only* as to the Plaintiff, Eric R. Bahe, Custodian, CGM Roth Conversion IRA, and with notice to the Funds' shareholders substantially in the form attached hereto as Exhibit B, in the *Investors' Business Daily.*

Dated: July 14, 2006                                  Respectfully submitted,

                                                      Plaintiff Eric R. Bahe
                                                      by his Attorneys,

                                                      **/s/ Edward F. Haber**
                                                      Edward F. Haber (BBO No. 215620)
                                                      Shapiro Haber & Urmy LLP
                                                      53 State Street
                                                      Boston, MA 02109
                                                      Tel: (617) 439-3939

                                                      Robert C. Schubert, Esq.
                                                      Juden Justice Reed, Esq.
                                                      Schubert & Reed LLP

5

Three Embarcadero Center
Suite 1650
San Francisco, CA 94111
Tel: (415) 788-4220

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 14th day of July, 2006.

**/s/ Edward F. Haber**
Edward F. Haber